DLM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MOHAMMAD BANKI,<br><br>Petitioner,<br><br>v.<br><br>PETER D. KEISLER, as Acting Attorney General of the United States; MICHAEL CHERTOFF, as the Secretary of the Department of Homeland Security; ROBERT S. MUELLER, III, as Director of the Federal Beureau of Investigation; EMILIO T. GONZALEZ, as Director of the United States Citizenship and Immigration Services; PAUL NOVAK, as Director of the United States Citizenship and Immigration Services Vermont Service Center; ROSETTA MARTINI, as Officer-in-Charge of the United States Citizenship and Immigration Services Providence Field Office; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and FEDERAL BUREAU OF INVESTIGATION,<br><br>Respondents. | Civil Action File No.:<br><br>CA 07 357ML |

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

INTRODUCTION

1. This action seeks adjudication of Petitioner's application for naturalization pursuant to INA Section 336(b), 8 U.S.C. §1447(b). Petitioner filed his application for naturalization in March, 2004 and was interviewed by Respondent Citizenship and Immigration Services on July 20, 2004. Over three years have now lapsed and Respondents have failed to

schedule the Petitioner's request to be sworn in as a naturalized U.S. Citizen within the statutory period. The delay by the Respondents is unfair to the Petitioner, violates due process, and contravenes the Immigration and Nationality Act.

## JURISDICTION

2. This Court has jurisdiction over the present action pursuant to INA Section 336(b), 8 U.S.C. §1447(b), which provides for judicial review for a stalled or delayed naturalization petition; 28 U.S.C. §1331, Federal Question Jurisdiction; 28 U.S.C. §2201, the Declaratory Judgment Act; 5 U.S.C. §702, the Administrative Procedures Act; 8 U.S.C. §1329 of the Immigration and Nationality Act, providing for the jurisdiction of this Court over actions arising under said Act; and the Fifth Amendment to the United States Constitution.

## VENUE

3. Venue is proper in the District of Rhode Island pursuant to 8 U.S.C. § 1447(b) and 28 U.S.C. §1391(e) in that this is an action against officers and agencies of the United States in their official capacities brought in the District where a Respondent resides and where a substantial part of the events or omissions giving rise to the Petitioner's claim occurred. In addition, Petitioner, Mohammad Banki, is a resident of the State of Rhode Island, and the Respondents are each agencies of the United States that operate within this District.

## NATURE OF ACTION

4. Petitioner requests a hearing in the United States District Court for the District of Rhode Island on his Application for Naturalization which has been pending before the Respondent Citizenship and Immigration Services since March 4, 2004, when the application was received by the Respondent and for which Petitioner was interviewed on July 20, 2004. (Please refer to copy of Form I-797C Notice of Action dated March 30, 2004 confirming receipt of application, attached hereto as Exhibit A; and a copy of Form I-797C Notice of Action dated June 15, 2004 confirming date of interview, attached hereto as Exhibit B.)

## PARTIES

5. Petitioner, Mohammad Banki, is a native of Iran who was born on March 21, 1968. Petitioner presently resides in East Greenwich, Rhode Island and has been a Lawful Permanent Resident of the United States since August 28, 1987. Petitioner is in all respects eligible for United State citizenship.

6. Respondent, Peter D. Keisler, is the duly appointed Acting Attorney General of the United States, and is charged with supervisory authority of the Department of Justice, including the Federal Bureau of Investigation, and has the authority on questions of law in relation to the Immigration and Nationality Act 8 U.S.C. §1103(a)(1) & (g).

7. Respondent, Michael Chertoff, is the duly appointed Secretary of the Department of Homeland Security and charged under 8 U.S.C. §1103(a) with supervising, implementing, and enforcing the Immigration and Nationality Act.

8. Respondent, Robert S. Mueller, III, is the duly appointed Director of the Federal Bureau of Investigation and charged under 8 U.S.C. § 1105(b) with the obtaining and exchanging criminal history record information with the Department of State and CIS for the purpose of determining whether or not a visa applicant or applicant for citizenship has an existing criminal record.

9. Respondent, Emilio T. Gonzales, is the duly appointed Director of the United States Citizenship and Immigration Services and charged under 8 U.S.C. §1103(c) with the implementation of benefits under the Immigration and Nationality Act.

10. Respondent, Paul Novak, is the duly appointed Director of the Vermont Service Center of the United States Citizenship and Immigration Services and charged with the authority over implementation of benefits under the Immigration and Nationality Act in the Providence Field Office.

11. Respondent, Rosetta Martini, is the duly appointed Officer-in-Charge of the United States Citizenship and Immigration Services in Providence, Rhode Island, and charged with the authority over the implementation of benefits under the Immigration and Nationality Act

in the Providence Field Office.

12. Respondent, United States Department of Homeland Security, is a Federal agency of the United States that is mandated under 8 U.S.C. §1103(a) to supervise, implement, and enforce the Immigration and Nationality Act, including Applications for Citizenship.

13. Respondent, United States Citizenship and Immigration Services, (hereinafter "CIS") is an agency involved in the acts challenged in this action, and is a subordinate agency with the Respondent United States Department of Homeland Security.

14. Respondent, Federal Bureau of Investigation, is a federal agency charged with the responsibility, among others, of obtaining and exchanging criminal history record information with the Department of State and CIS for the purpose of determining whether or not a visa applicant or applicant for citizenship has an existing criminal record.

## FACTS

15. Mohammad Banki (hereinafter "Dr. Banki") is currently in the United States pursuant to lawful immigrant status as a lawful permanent resident.

16. Dr. Banki holds doctoral degrees in medicine and dentistry, and specializes in oral and facial surgery. He holds state dental licenses in Rhode Island, Massachusetts, Connecticut

and Pennsylvania as well as medical licenses in Rhode Island and Massachusetts. Dr. Banki is a member of the surgical staff at The Miriam Hospital and Rhode Island Hospital, both in Providence, Rhode Island. He maintains an active dental and surgical practice in Rhode Island and Massachusetts.

17. Dr. Banki filed an Application for Naturalization with CIS in March, 2004, which Application was received by USCIS on March 4, 2004. (Please refer to copy of Form I-797C Notice of Action dated March 20, 2004 confirming receipt, attached hereto as Exhibit A.)

18. On or about April, 2004, Dr. Banki received a Request for Applicant to Appear for Naturalization Initial Interview on July 20, 2004 at the Providence Field Office located at 200 Dyer Street, Providence, Rhode Island. (Please refer to copy of Form I-797C Notice of Action dated June 14, 2004 confirming date of interview, attached hereto as Exhibit B.)

19. Dr. Banki attended the Initial Interview for Naturalization on July 20, 2004 and has successfully passed the required tests of English and U.S. history and government. (Please refer to copy of Naturalization Interview Results attached hereto as Exhibit C.)

20. On or about February 2, 2005, Dr. Banki contacted the Providence Field Office regarding the status of his application. (Please refer to a copy of the letter dated February 2, 2005 is attached hereto as Exhibit D.) On or about May 5, 2005, Dr. Banki's Attorney again contacted the Providence Field Office regarding the status of his application. (Please refer to a

copy of the letter dated May 5, 2005 attached hereto as Exhibit E.) No responses were ever received.

21. On or about October 24, 2005, Dr. Banki contacted U.S. Senator Jack Reed for assistance with the processing of his application. (Please refer to a copy of the letter dated October 24, 2005 attached hereto as Exhibit F.) Over the subsequent months, Senator Reed contacted Dr. Banki numerous times advising that the application is pending and remains pending to this date. (Please refer to copies of letters dated November 9, 2005 through April 7, 2007 from the Office of United States Senator Jack Reed attached hereto collectively as Exhibit G1-14.)

22. To date, over three (3) years after Dr. Banki properly attended his initial interview for naturalization and after numerous written inquiries, the Respondents have failed to respond or otherwise adjudicate Plaintiff's application.

23. The Respondents' failure to make a determination is in direct contradiction of INA §336(b), 8 U.S.C. §1447(b) which states that "If there is a failure to make a determination under [INA] §335, [8 U.S.C. §1446] before the end of the 120 – day period after the date on which the examination is conducted under such section, the applicant may apply to the United States District Court of the district in which the applicant resides for a hearing on the matter."

24. Respondent CIS's duty to process and adjudicate the Petitioner's application

within 120 days from date of the initial interview is a non-discretionary duty mandated by federal law.

25. In accordance with the regulations governing Applications for Naturalization, Petitioner paid the fees necessary to file his application which were duly accepted by CIS.

26. Petitioner submitted to CIS all documentation required by regulation and statute in connection with his application as well as supplemental documentation sufficient to enable the CIS to properly process and adjudicate Petitioner's application.

27. Petitioner's Application for Naturalization has now remained unadjudicated for over three (3) years.

28. The Respondents' refusal to act in this case is arbitrary and not in accordance with the law. The Respondents have willfully and unreasonably delayed and have refused to adjudicate the Petitioner's application for Naturalization. The Respondents' refusal to act has deprived the Petitioner of the right to a decision regarding his status, and the peace of mind to which Petitioner is entitled.

29. The Respondents, in violation of the Administrative Procedures Act, 5 U.S.C. §701 et seq., are unlawfully withholding or unreasonably delaying action on the Petitioner's application and have failed to carry out the adjudicative functions delegated to them by law with

regard to Petitioner's case.

30. Notwithstanding the clear mandate of 5 U.S.C. §551 et seq. and 8 C.F.R. §274(a), and 8 U.S.C. §1446 requiring the CIS to process the application and adjudicate the application within a reasonable time (120 days) from the date of applicant's initial interview, the CIS has failed and/or refused to do so.

31. Respondent CIS's conduct in failing to process Petitioner's application and adjudicate said application in a reasonably timely manner has caused unnecessary and injurious delays to Petitioner in violation of his rights alleged herein.

32. Petitioner has exhausted all administrative remedies available. No adequate remedy exists.

WHEREFORE, Petitioner respectfully requests that this Court grant the Petitioner the following relief:

(a) Assume jurisdiction of this matter pursuant to 8 U.S.C. § 1447(b);

(b) Conduct a hearing to adjudicate the Petitioner's Application for Naturalization;

(c) Compel the Respondents to complete their ministerial duties pursuant to statute to enable this Court to adjudicate the Petitioner's Application;

(d) Administer the Oath of U.S. Citizenship to Petitioner;

(e) Award the Petitioner attorney's fees pursuant to the Equal Access to Justice Act,

28 U.S.C. §2412, et seq.;

(f) Award such other relief as justice may require.

Respectfully Submitted,

Petitioner,
MOHAMMAD BANKI,
By his Attorneys,

BLAIS CUNNINGHAM & CROWE CHESTER

David C. Clarke, Esq. (#6376)
150 Main Street, P.O. Box 1325
Pawtucket, Rhode Island 02862
(401) 723-1122 (tel)
(401) 726-6140 (fax)